# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGIE BRIDGES | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:08cv1357-LG-RHW |
| | § | |
| EMC MORTGAGE CORPORATION, ABC CORPORATION, and XYZ CORPORATION | § § § § | DEFENDANTS |

## ORDER DENYING MOTION TO DISMISS

BEFORE THE COURT is Defendant EMC Mortgage Corporation's Motion to Dismiss [28]. Plaintiff Angie Bridges brought this action against EMC for its alleged failure to procure wind insurance on her home. EMC argues that her claims are time-barred and it had no duty to procure the insurance. The Court has considered the parties' submissions and the relevant legal authority. The motion is denied.

## FACTS AND PROCEDURAL HISTORY

On August 29, 2005, Bridges's home was damaged by Hurricane Katrina. On August 26, 2008, she filed this case against her insurer Liberty Mutual Fire Insurance Company and unknown defendants. She alleged that Liberty Mutual owed her windstorm coverage for the damage her home sustained. She amended her Complaint on May 29, 2009, to add her mortgage company, EMC, as a defendant. Bridges and Liberty Mutual settled with a check made payable to her and EMC.

The Amended Complaint incorporated the original Complaint by reference. The Amended Complaint also charged EMC with a failure to procure wind coverage. Specifically, she brought claims of breach of contract, negligence, gross negligence, intentional infliction of

emotional distress, and misrepresentation against EMC. She seeks compensatory and punitive damages and attorney fees. She also asks the Court to determine that she is entitled to the full amount of the Liberty Mutual settlement check.

According to the Amended Complaint, Bridges's home was mortgaged approximately ten years ago. "As part of the mortgage agreement the plaintiff assigned the obligation of payment for insurance and to obtain insurance coverage to the mortgagee." (Am. Compl. at 2 (¶V)). "After the defendant EMC, was assigned the plaintiff's Deed of Trust, she continued to pay each month into a[n] escrow account held by the defendant, EMC, for the purpose of paying . . . wind / hail insurance." *Id.* at (¶VI). On August 18, 2004, EMC's agent Alan D. Kuhn notified it that the home had not been covered by wind insurance since July, when Liberty Mutual did not renew the wind coverage. He notified EMC that the premiums for the wind coverage would need to be forwarded from the escrow account to the Mississippi Windstorm Underwriters Association. EMC never forwarded the premiums to MWUA. "This was never conveyed to the plaintiff prior to August 29, 2005." *Id.* at 3 (¶VII)). Elsewhere, she alleges that she did not learn of this fact until after her Complaint was filed. She accuses EMC of misrepresenting the fact that EMC would take care of purchasing the wind insurance for her home. Hurricane Katrina's winds damaged her home in excess of $79,100. She was left with uninsured losses on her home and contents.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, Bridges must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

STATUTE OF LIMITATIONS

EMC argues that the negligence, negligent misrepresentation, breach of contract, and intentional infliction of emotional distress claims are barred because they were filed more than three years after Hurricane Katrina and these claims do not relate back to the Complaint. Bridges responds that the claims are tolled by the discovery doctrine and alternatively, they do relate back to the Complaint.

Statute of limitations is an affirmative defense, which EMC has the burden to plead and prove. Fed. R. Civ. P. 8(c)(1). All but one of Bridges's claims are subject to the general three year statute of limitations. Miss. Code Ann. § 15-1-49. The intentional infliction of emotional distress claim is subject to the one-year statute of limitations. *CitiFinancial Mortgage Co. v. Washington*, 967 So. 2d 16, 19 (¶6) (Miss. 2007). The statute of limitations begins to run once these claims accrue or when "the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." *Id.* The plaintiff's "knowledge that there exists a causal relationship between the negligent act and the injury . . . complained of is essential because 'it is well-

established that prescription does not run against one who has neither actual nor constructive notice of the facts that would entitle him to bring an action.'" *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 50 (¶10) (Miss. 2005) (quoting *Sweeney v. Preston*, 642 So. 2d 332, 334 (Miss. 1994)). Whether or not the discovery rule applies is a fact question. *Huss v. Gayden*, 991 So. 2d 162, 166 (¶6) (Miss. 2008). Thus, it is to be decided by a jury, unless reasonable minds cannot differ. *Id.* at 167 (¶9).

In the instant case, the Amended Complaint, read liberally, states that Bridges originally filed the case against Liberty Mutual but she has since learned that its wind exclusion is valid and that the EMC failed to obtain coverage. Thus she pleads that it was not until after the suit was filed that she discovered her claims. This pleading indicates that the statute of limitations did not start running until some time after August 26, 2008. At this stage, the Court must accept this allegation as true. Therefore, her Amended Complaint, filed May 29, 2009, was filed well before the respective limitations periods. EMC does not address whether or not she should have reasonably discovered her claims earlier. EMC has not shown that the claims are untimely.

DUTY

EMC next argues that the Amended Complaint does not establish any duty to procure wind coverage and that the mortgage agreement "expressly refute[s] that contention." (Def.'s Mem. to Dismiss at 11). Bridges responds that she assigned EMC this duty, or, in the alternative, EMC assumed the duty.

Whether a duty exists is a question of law. *Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1143 (¶29) (Miss. 2004). Mississippi law recognizes a cause of action "sounding in tort as well as contract" for failure to procure insurance. *Hancock Bank v. Travis*, 580 So. 2d 727, 732

(Miss. 1991). "[A] party who agrees to procure insurance and fails to do so, assumes the position of insurer and thus the risk of loss." *Id.* at 731. Further, one who undertakes to procure insurance coverage owes a duty of reasonable care and good faith in performance of that duty. *First United Bank of Poplarville v. Reid*, 612 So. 2d 1131, 1137 (Miss. 1992).

The Amended Complaint alleges that "as part of the mortgage agreement," EMC undertook the duty to accept escrow funds from Bridges, part of which included premiums for windstorm insurance. (Am. Compl. at 2 (¶V)). EMC accepted these monthly premiums. Over a year prior to Katrina, EMC was notified that these premiums were to be forwarded to MWUA, but EMC never did. The Deed of Trust, which she refers to in her Amended Complaint, states that she "shall pay to [EMC] . . . monthly . . . a sum ("Funds") for: . . . (c) yearly hazard or property insurance premiums. . . . These items are called 'Escrow Items.' . . . [EMC] shall apply the Funds to pay the Escrow Items." (Def.'s Mot. to Dismiss Ex. A at 2). Accepting these allegations as true, the Amended Complaint states a claim for failure to procure insurance under both contract and negligence theories.

EMC argues that another clause in the Deed of Trust absolves them of any duty of forwarding these funds to the insurance company. EMC points to language in the Deed of Trust which states that EMC had no duty to obtain insurance coverage to protect the borrower's interest. The deed provides that Bridges is required to insure the property against certain hazards and "if [she] fails to obtain or maintain any coverage described herein, [EMC] may, but shall have no duty to, obtain such coverage or substantially equivalent coverage . . . protecting only [EMC]'s interest in the Property. . . . [EMC] shall have no duty . . . to obtain any insurance protecting [Bridges]'s interest." *Id.* EMC does not explain why this provision would nullify the

previous language that states that EMC shall forward the Funds to pay for the Escrow Items. Viewed in the light most favorable to her, the Amended Complaint states contract and negligence claims for the alleged failure to insure.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant EMC Corporation's Motion to Dismiss [28] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 2nd day of March, 2010.

                                             s/ *Louis Guirola, Jr.*
                                             LOUIS GUIROLA, JR.
                                             UNITED STATES DISTRICT JUDGE